IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 04, 2006
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

| | |
|---|---|
| SAMUEL D. QUINN, ) | |
| ) | Civil Action No. 7:05CV00757 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| MICROSOFT CORP., ) | By: James C. Turk |
| ) | Senior United States District Judge |
| Defendant. ) | |

The plaintiff, Samuel D. Quinn ("Quinn"), filed this civil action *pro se* against the defendant, Microsoft Corporation ("Microsoft") for "use of [his] intellectual property." See Complaint at 2. He has paid the requisite filing fee to initiate this civil action. Quinn alleges that Microsoft developed the Xbox 360 gaming system based on his idea and is seeking compensation and damages from the defendant. Quinn is a patient in a Virginia state mental health institution. He has previously filed a number of lawsuits in this District, many of which were dismissed *sua sponte* for frivolousness.

A *pro se* litigant's pleadings are to be liberally construed. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Because of the brevity of plaintiff's allegations, however, the court was unable to ascertain under what cause of action Quinn was proceeding. Therefore, the court sent a questionnaire to Quinn requesting more information regarding his claim.

Quinn's answers to the questionnaire stated that the Microsoft Xbox 360 utilizes "software that allows games to work on a computer." See Plaintiff's Responses to Court Questionnaire at 1. "For certain games, certain Microsoft software is used to make the games work on a computer." Id. "Also, a computer has built-in a graphics card in the processor if it is

accessed." Id. Quinn alleges that he first thought of the idea to "make a game unit that would use a built-in software program to play games rather than using different software for different games along with graphics and to allow playing of the games behind you." Id. He alleges that he developed this idea while his roommate in the mental facility played computer games. See id. Quinn states that he has never contacted Microsoft and Microsoft has never contacted him about his idea.[1] See id. He also states that there are no contractual agreements between himself and Microsoft. Id. at 3. Quinn also notes that it is difficult to further expound upon his allegations because, "somebody, someway, somehow is squeezing on [his] head and that it is hard to remember things and think clearly." Id. at 1.

Quinn does not allege any specific education or technical experience in computer programming, engineering or other relevant fields. He does not claim to possess a patent in for his "idea" or to the "Xbox 360" or any related piece of technology.

## II.

The Fourth Circuit has frowned upon dismissing a complaint before service of process on the defendant. In cases where the district court does not have jurisdiction, however, a dismissal prior to service is acceptable. See Crosby by Crosby v. Holsinger, 816 F.2d 162, 163 (4th Cir. 1987) ("[T]his court has recognized that a claim may be dismissed, *sua sponte*, for want of a substantial federal question . . . ."). "It is within the power of a district court to dismiss a claim *sua sponte*; federal question jurisdiction requires the presentation of a 'substantial' federal question." Id.; see also Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946)

---

[1]The plaintiff, however, speculates that it is possible his "roommate called Microsoft . . . or, Microsoft, somehow listened into my conversations with my roommate." See Plaintiff's Responses to Court Questionnaire at 1.

2

("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution **or federal statutes** clearly appears to be immaterial . . . or where such a claim is wholly insubstantial and frivolous." (emphasis added)). "But a 'claim is insubstantial only if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy."'" See Crosby by Crosby, 816 F.2d at 163 (citing Goosby v. Osser, 409 U.S. 512, 518, 93 S. Ct. 854, 35 L. Ed. 2d 36 (1973) (citations omitted)).

In his complaint, Quinn claims that Microsoft developed the "Xbox 360" based upon his idea, and that they have not compensated him. A complaint such as this could be construed as a claim under federal patent law. Quinn, however, does not possess a patent for the "Xbox 360" and its related technology, nor does Quinn allege any collaboration with or agreement between, Microsoft and himself. Unpatented ideas are not afforded protection under federal patent law or state law, and may be freely copied. See Bonito Boats v. Thunder Craft Boats, 489 U.S. 141, 156 (U.S. 1989), ("Efficient operation of the federal patent system depends upon substantially free trade in publicly known, unpatented design and utilitarian conceptions").

Furthermore, state law provides no relief because Supreme Court precedent has forbidden states to protect unpatented ideas. See Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S. Ct. 784, 11 L. Ed. 2d 661 (1964) ("A state may not, when the article is unpatented and uncopyrighted, prohibit the copying of the article itself or award damages for such copying"). Even if Quinn did first think of the idea upon which Microsoft based the "Xbox 360," the fact that he did not obtain a patent means that the intellectual property at issue is afforded no protection under federal or state law. Therefore, any claim alleged to arise under intellectual

property law is frivolous because Quinn has no patent and did not attempt to patent his alleged idea before Microsoft.

It is possible that Quinn's complaint also alleges a breach of contract claim.[2] Quinn alleges no contractual agreement with Microsoft. It is a fundamental premise that for a breach of contract to occur, a contract or an agreement must exist. There can be no breach of contract or a failure to perform the contractual duty with care without an agreement. There being no such contract in force, there could be no breach of it. Therefore, Quinn cannot allege a breach of contract.

The court notes that appropriate liberal construction requires "active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" See Franklin v. Rose, 765 F.2d 82, 85 (6th Cir 1985). There are, however, "limits on the duty of a court in this regard. Id. "A district court need not construct claims from obscure references in a *pro se* petition." See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir 1985). From the plaintiff's sparse allegations and answers to the court questionnaire, the court is unable to discern any plausible claims.

### III.

In conclusion, the court finds that it lacks subject matter jurisdiction over Quinn's claims because they are insubstantial.[3] Accordingly, the court must dismiss Quinn's complaint. An

---

[2]Any state law claims must proceed under diversity jurisdiction because the court has determined that Quinn can allege no claim arising under the U.S. Constitution or federal law.

[3]The court notes that the Fourth Circuit has yet to pass on whether *sua sponte* 12(b)(6) dismissals are appropriate. See Cochran v. Morris, 73 F.3d 1310, 1319 (Michael, J., dissenting). Virtually all the circuit courts of appeals that have addressed the issue frown upon it. See, e.g., Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991); Street v. Fair, 918 F.2d 269, 272 (1st Cir.

appropriate order shall be issued this day.

ENTER:   This 4th day of May, 2006.

/s/ James C. Turk
James C. Turk
Senior United States District Judge

---

1990). But see <u>Baker v. Director, U.S. Parole Comm'n</u>, 916 F.2d 725, 726-27 (D.C. Cir. 1990) (allowing 12(b)(6) dismissal prior to service and without opportunity to respond when the claimant cannot possibly win relief); <u>Omar v. Sea-Land Serv., Inc</u>, 813 F.2d 986, 991 (9th Cir.1987). Therefore, the court's dismissal of this action is specifically predicated upon the lack of jurisdiction over the plaintiff's claims under the insubstantiality doctrine after he was given an opportunity to respond.